IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DARRYL JEROME McGEE                                                         PLAINTIFF

      v.                    Civil No. 6:10-cv-06096

STATE OF ARKANSAS;
ARKANSAS DEPARTMENT OF
CORRECTION, Ouachita River
Correctional Unit; SGT. STEVE
McGEE, Ouachita River Correctional
Unit; CPL. CHRISTOPHER RYAN,
Ouachita River Correctional Unit;
CPL. BENJAMIN KERSTEN, Ouachita
River Correctional Unit; and WARDEN
REED, Ouachita River Correctional Unit                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Darryl J. McGee, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to me for the purpose of making a report and recommendation.

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1.  **BACKGROUND**

According to the allegations of the complaint, on June 9, 2010, Plaintiff had a mental health appointment with Mr. Jones. He believed the appointment was in the afternoon so he attempted to

report to work that morning. He was told by Corporal C. Ryan not to report to work because of the appointment.

Plaintiff went to his appointment but indicates Mr. Jones advised him that he would not have to report to work that afternoon. However, when it was time for afternoon work, Plaintiff states Corporal Ryan and Corporal Kersten did not believe him. Plaintiff was involved in an altercation with Corporal Kersten and Sergeant McGhee. Plaintiff was handcuffed, put in the infirmary, and charged with the following disciplinary violations: 12-1 failure to obey verbal and/or written orders of the staff; 11-1 insolence to a staff member; 05-7 assault--any willful attempt or threats to inflict injury upon staff may result in the loss of all good time; 03-3 unexcused absence from work/school assignment or other program activity; and 02-8 running from or otherwise resisting apprehension.

Plaintiff was notified of the disciplinary charges and a hearing was scheduled. On June 14th, a hearing was held. The factual basis of the decision was set forth by the Hearing Officer Lori Taylor. (ECF No. 2 at pg. 12). It was noted that the staff report was accepted. *Id.* Plaintiff was given thirty days punitive isolation and his good time class was reduced to IV. *Id.* at pg. 11.

Plaintiff appealed the decision to the Warden and it was affirmed. (ECF No. 2 at pg. 6). Plaintiff then appealed the decision to the Hearing Officer Administrator and again to the Director of the Department of Correction. *Id.* at pgs. 9 & 13. The decision was affirmed at each step of the process.

As relief, Plaintiff is seeking monetary damages in an unspecified amount or monetary damages "with freedom." (ECF. No. 2 at 4).

## 2. DISCUSSION

As noted above, Plaintiff is an inmate of the Arkansas Department of Correction. In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states his only asset is approximately $100 in cash and he receives no funds. The records from the Arkansas Department of Correction show his average monthly deposit is $18.33 and his average monthly balance is $18.33. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, Plaintiff's claims are subject to dismissal. Plaintiff was given notice, an opportunity to be heard, an opportunity to present witnesses, and an opportunity to appeal. Due Process requires no more. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66, 570 (1974) (The procedures include: written notice of the charges, a brief period to prepare, a written statement of the evidence relied on and the reasons for the disciplinary action, and the ability for the inmate to call witnesses and present documentary evidence).

### 3. CONCLUSION

I therefore recommend that the complaint be dismissed as the claims are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under the provisions of 28 U.S.C. § 1915(g). The clerk should be instructed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE